IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,386-01






EX PARTE JESSE GARCIA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 03-08-00096CRF-A IN THE 218TH DISTRICT COURT


FROM FRIO COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to sixty (60) years' imprisonment. The Fourth Court of Appeals dismissed Applicant's
appeal. Garcia v. State, No. 04-05-00432-CR, (Tex. App- San Antonio, 2006, no pet.). 

 Applicant alleges inter alia that his attorney insisted that he plead guilty after the
guilt/innocence phase of the trial even though this was not in Applicant's best interest. Also,
Applicant alleges that he was not properly admonished as to the consequences of his plea. Also,
Applicant alleges that he was not competent to enter his plea and that counsel should have requested
a competency hearing. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall make findings of fact as to whether counsel advised Applicant to
plead guilty after the guilt/innocence phase of the trial and, if so, why counsel believed that pleading
guilty was in his client's best interest. The trial court shall also make findings of fact as to whether
counsel observed any behavior which indicated that Applicant was not competent to enter his plea
and, if so, why counsel did not request a competency hearing. The trial court shall also make
findings of fact as to whether Applicant was properly admonished as to the consequences of his
guilty plea and shall supplement the record with a copy of the written admonishments. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 7, 2007

Do not publish